UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAR 20 1998  KD

Michael N. Milby, Clerk of Court

| | |
|---|---|
| FRANK MELTON, JR., § | |
| § | |
| Plaintiff § | |
| § | **H 98-0819** |
| vs. § | |
| § | C.A. NO._____ |
| HOME DEPOT INTERNATIONAL, INC., § | |
| HOME DEPOT U.S.A., INC. d/b/a § | |
| THE HOME DEPOT #577, OUTLET § | |
| NO. 23 and ANTHONY DAIGLE § | |
| § | |
| Defendant § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

Defendant alleges:

1.     Defendants, HOME DEPOT INTERNATIONAL, INC., HOME DEPOT U.S.A, INC. d/b/a THE HOME DEPOT #577, OUTLET NO. 23 ("HOME DEPOT") and ANTHONY DAIGLE, are in the civil action commenced on or about January 28, 1998, in the 334th Judicial District, Harris, Texas, in Cause Nº. 98-03451, entitled *Frank Melton, Jr. v. Home Depot International, Inc., et.al.*.

2.     Service of summons and complaint was made on Defendant, HOME DEPOT INTERNATIONAL, INC., by serving its registered agent, C.T. Corporation Systems, on February 19, 1998. The Original Petition is the initial pleading setting forth the claim upon which the action is based. Service of summons and complaint was made on Defendant, HOME DEPOT U.S.A., INC. by serving its registered agent, C.T. Corporation Systems, on February 19, 1998. Service of summons and complaint has not been made on Defendant, ANTHONY

DAIGLE. The following constitutes all of the process, pleadings, and orders served upon Plaintiff and Defendant in this action:

 (a) Plaintiff's Original Petition
 (b) Citation
 (c) Defendant's Original Answer
 (d) Request for Jury Trial
 (e) Plaintiff's Interrogatories to Defendant, Home Depot International, Inc.
 (f) Plaintiff's Request for Production to Defendant, Home Depot International, Inc.
 (g) Plaintiff's Interrogatories to Defendant, Home Depot U.S.A., Inc.
 (h) Plaintiff's Request for Production to Defendant, Home Depot U.S.A., Inc.
 (i) Civil Docket Sheet

3. The action is a civil action of which this Court has original jurisdiction under Title 28 U.S.C. §1332, and is one which Defendant is entitled to remove to this Court pursuant to title 28 U.S.C. §1441, in that the matter in controversy is believed to exceed the sum of SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00), exclusive of interest and costs, the action is between citizens of different states, and at the time of the commencement of this action and at all times since the Defendant, HOME DEPOT, has been and is still a corporation incorporated under the laws of the State of Delaware, having its principal place of business in Georgia, and Plaintiff has been and is still a Texas citizen.

4. The joinder of defendant ANTHONY DAIGLE is fraudulent because he is not named in his individual capacity, he is a nominal party, he does not owe a separate and independent duty to the plaintiff, and he was acting in the course and scope of his employment and any alleged negligent acts are deemd as acts of the corporation.

5. Defendant hereby demands a Jury.

Considering the foregoing, Defendants pray that the above action now pending in the 334^(TH) Judicial District Court of Harris County, Texas, Cause N°. 98-03451, entitled *Frank Melton, Jr. vs. Home Depot International, Inc.*, be removed from that Court to this Court.

Respectfully submitted,

_____
Alan N. Magenheim
SBOT: 12816200
Attorney-in-Charge for Defendants

OF COUNSEL:
MAGENHEIM, BATEMAN, ROBINSON,
WROTENBERY & HELFAND, P.L.L.C.
3600 One Houston Center
1221 M^cKinney
Houston, Texas 77010
(713) 609-7849
(713) 609-7777 (Fax)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been forwarded to all counsel of record by certified mail, return receipt requested, on March 19, 1998.

_____
Alan N. Magenheim

- 3 -

NO. 98-03451

| | |
|---|---|
| FRANK MELTON, JR. § | IN THE DISTRICT COURT OF |
| VS. § | |
| § | HARRIS COUNTY, TEXAS |
| HOME DEPOT INTERNATIONAL, § | |
| INC., HOME DEPOT U.S.A., INC. § | |
| D/B/A THE HOME DEPOT #577, § | |
| OUTLET NO. 23 and ANTHONY § | |
| DAIGLE § | ____TH JUDICIAL DISTIRCT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW FRANK MELTON, JR., hereinafter referred to as Plaintiff, complaining of HOME DEPOT INTERNATIONAL, INC., HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT #577, Outlet No. 23 and ANTHONY DAIGLE, hereinafter referred to as Defendants, for cause of action and would respectfully show this Honorable Court and jury the following:

I.

Plaintiff FRANK MELTON, JR. is a resident of Harris County, Texas.

Defendant, HOME DEPOT INTERNATIONAL, INC. is a Delaware corporation doing business in the State of Texas. This Defendant may be served with due process herein by serving its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant, HOME DEPOT U.S.A., INC. is a Delaware corporation doing business in the State of Texas. This Defendant may be served

with due process herein by serving its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant, HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT #577, OUTLET NO. 23, is a Delaware corporation doing business in the State of Texas. This Defendant may be served with due process herein by serving its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

Defendant, ANTHONY DAIGLE, is an individual residing in Harris County, Texas. This Defendant may be served with due process herein at his place of busines at The Home Depot #577, Outlet #23, 999 W. North Loop, Houston, Texas 77008.

II.

Venue is proper in Harris County, Texas in that the occurrence made the basis of this suit occurred within Harris County, Texas.

III.

On or about March 1, 1996, Plaintiff suffered injury to his right foot within the premises known as Home Depot #577, Outlet No. 23 in Houston, Harris County, Texas, when a spool of wire which was being changed by Home Depot employee, Anthony Daigle, slipped of the rack, falling on Plaintiff's right foot.

Defendants, HOME DEPOT INTERNATIONAL, INC., HOME DEPOT U.S.A., INC. are the owners and/or occupiers of the premises in question.

Plaintiff brings this suit to recover for personal injuries sustained by as a result of the injury referenced above which was proximately caused by the negligence of the Defendants and the dangerous and unsafe condition of the premises in question.

IV.

As a result of the injury above described, the Plaintiff suffered severe personal injuries to her right foot and other parts of his body causing Plaintiff to sustain permanent bodily impairment. Plaintiff has suffered a loss of wages and fringe benefits in the past and will suffer a loss of wage earning capacity in the future. Plaintiff has also experienced physical pain, suffering, mental anguish and loss of life's pleasures and will, in reasonable probability, continue to do so in the future by the reason of the nature and severity of Plaintiff's injuries. Plaintiff has been caused to incur medical charges and expenses in the past and will continue to incur medical expenses in the future for Plaintiff's injuries.

V.

By reason of the above and foregoing, Plaintiff has been damaged in a sum far in excess of the jurisdictional limits of this court.

VI.

The Plaintiff further states that the occurrence in question was caused by conduct so grievous by the Defendants, including gross negligence by the Defendants, that it demonstrated a willful and wanton disregard for the safety and health of the Plaintiff. Thus, Plaintiff is entitled to exemplary and punitive damages which he alleges in this case to be in excess of the minimal jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation issue and be served upon the said Defendants in the form and manner

prescribed by law, requiring that the Defendants appear and answer herein; and that upon final hearing hereon, the Plaintiff have judgment against Defendants, both jointly and severally, in a sum far in excess of the jurisdictional limits of this Honorable Court; liable therefor that the Plaintiff recover full damages for his losses, together with interest thereon, both prejudgment and post-judgment from the date of trial; and that exemplary damages in the sum in excess of the minimal jurisdictional limits of this Court be paid; all costs of Court; and such other and further and general relief to which the Plaintiff may be justly entitled to, in law and/or in equity.

Respectfully submitted,

SCHECHTER & MARSHALL, L.L.P.

_____
MATTHEW D. SHAFFER
TBA #18085600
3200 Travis (at Elgin)
Houston, Texas   77006
(713) 757-7811
FAX NO. (713) 751-0412
ATTORNEY FOR PLAINTIFF

**PLAINTIFF DEMANDS A TRIAL BY JURY**

```
                         CAUSE NO. 9803451

                    RECEIPT  No. 418919                      IOJ      MTA
                              01-28-1998              TR # 071211494
                                                   7143
    PLAINTIFF: MELTON, FRANK JR                         The 334th
         vs.                                        Judicial District Court
    DEFENDANT: HOME DEPOT INTERNATIONAL INC *        of Harris County, Texas
                                                    301 Fannin, 6th Floor
    * Additional parties are named in the attached petition.   Houston, TX
```

                                    CITATION    MAR 04 1998

THE STATE OF TEXAS
County Of Harris
                                                          Delivered this 3
                                                          day of March 19 98
                                              RECEIVED    JACK F. ABERCIA, Constable
                                                          Precinct #1, Harris County, Texas
                                                          BY

TO: DAIGLE, ANTHONY
    999 W NORTH LOOP   HOUSTON TX 77008

        Attached is a copy of ORIGINAL PETITION _____

    This instrument was filed on the 28th day of January, 1998 , in the above cited cause number
and court.  The instrument attached describes the claim against you.

    **YOU HAVE BEEN SUED.**  You may employ an attorney.  If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 05th day of February, 1998, under my hand and
seal of said Court.

Issued at request of:        ( Seal )        CHARLES BACARISSE, District Clerk
SHAFFER, MATTHEW D.                          Harris County, Texas
3200 TRAVIS AT ELGIN                         301 Fannin    Houston, Texas 77002
HOUSTON TX 77006                             (P.O. Box 4651, Houston, Texas 77210)

                                             By _Tracey Mitchell_____
Bar No.: 18085600                               Deputy MITCHELL, TRACEY   IOJ/FGT/5210227

_____
                    OFFICER/AUTHORIZED PERSON RETURN
Came to hand at _____ o'clock ___.M., on the _____ day of_____, 19___.
Executed at (address) _____in
_____ County at _____ o'clock ____.M., on the ___ day of _____,
19___, by delivering to _____defendant, in person, a
true copy of this Citation together with the accompanying _____    copy(ies) of the
                                                                                 Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of_____, 19___.

    FEES: $_____                          _____
                                             _____ of _____ County, Texas

_____        By _____
         Affiant                                    Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return; personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ____ day of _____, 19___.

                                             _____
                                                        Notary Public

```
                              CAUSE NO.  9803461

                              RECEIPT No. 418919           IOJ    MTA
                                         01-28-1998        TR # 071211619

PLAINTIFF:  MELTON, FRANK JR                    In The  334th
     vs.                                        Judicial District Court
DEFENDANT:  HOME DEPOT INTERNATIONAL INC *      of Harris County, Texas
                                                301 Fannin, 6th Floor
 * Additional parties are named in the attached petition.    Houston, TX
```

**CITATION**

THE STATE OF TEXAS
County Of Harris

TO: HOME DEPOT INTERNATIONAL INC (DELAWARE CORPORATION) BY SERVING ITS
    REGISTERED AGENT CT CORPORATION SYSTEM
    350 N ST PAUL STREET   DALLAS TX 75201

    Attached is a copy of ORIGINAL PETITION

This instrument was filed on the 28th day of January, 1998, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

   This citation was issued on 05th day of February, 1998, under my hand and seal of said Court.

Issued at request of:            ( Seal )      CHARLES BACARISSE, District Clerk
SHAFFER, MATTHEW D.                             Harris County, Texas
3200 TRAVIS AT ELGIN                            301 Fannin    Houston, Texas 77002
HOUSTON TX 77006                                (P.O. Box 4651, Houston, Texas 77210)

                                                By _____
Bar No.: 18085600                                  Deputy MITCHELL, TRACEY   IOJ/FGT/5210227

---

OFFICER/AUTHORIZED PERSON RETURN

Received on the ____ day of _____, 19___, at _____ o'clock _____M., and executed the same in _____ County, Texas, on the ____ day of _____, 19___, at _____ o'clock _____M., by summoning the _____,

                  by delivering to _____, in person _____
a corporation (
                  by leaving in the principal office during office hours

_____ of the said _____

a true copy of this notice, together with accompanying copy of

Serving _____ cop ___ $_____

                                          By _____
_____                                   Deputy
      Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this ____ day of _____, 19___.

                                          _____
                                              Notary Public

NO. 98-03451

| | | |
|---|---|---|
| FRANK MELTON, JR., | § | IN THE DISTRICT COURT OF |
| Plaintiff | § § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| HOME DEPOT INTERNATIONAL, INC., HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT #577, OUTLET NO. 23 and ANTHONY DAIGLE | § § § § § | |
| Defendant | § | 334TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **HOME DEPOT INTERNATIONAL, INC., HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT #577, OUTLET NO. 23 and ANTHONY DAIGLE**, Defendants in the above entitled and numbered cause, and files this its Original Answer to the Petition filed against it and would respectfully show the Court and Jury as follows:

I.

Subject to such stipulations as may hereafter be made, Defendants assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendants respectfully request that Plaintiff be required to prove his charges and allegations against Defendants by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

II.

### AFFIRMATIVE DEFENSES

For further answer, if such be necessary, Defendants allege that the acts of Plaintiff, in failing to use ordinary care for his safety, was fifty-one (51%) percent of the cause of the alleged injuries, if any, or, in the alternative, that it was the sole cause.

III.

Pleading further and subject to the foregoing without waiving same, Defendants allege that the accident made the basis of this suit was caused by the negligence of a third party or third parties over whom said Defendants had no control and said negligence was a proximate cause, or in the alternative, was the sole proximate cause of the Plaintiff's damages.

IV.

For further answer herein and without waiving same, Defendants would show that the Plaintiff, at the time and on the occasion in question, failed to use ordinary care for his own safety. Such negligence was a proximate cause, or, in the alternative, the sole proximate cause of the Plaintiff's damages.

V.

Pleading further and without waiver of the foregoing, Defendants would respectfully allege that under Texas law, a jury has wholly standless discretion to award exemplary damages in a tort case in which the Defendant acts with a sufficient mental state. Any award of exemplary damages violates the due process clause of the Fifth Amendment and Fourteenth Amendment to the United States Constitution, in addition to Article 1, Section 19 of the Texas Constitution, in that:

1. Such punitive damages are intended to punish and deter defendant and thus this proceeding becomes essentially criminal in nature;

2. The defendant is being compelled to be a witness against itself in a proceeding that is essentially and effectively criminal in nature, in violation of the defendant's right to due process, and in violation of the Constitutions of the United States and of the State of Texas;

3.  Plaintiffs' burden of proof to establish punitive damages in this proceeding, which is effectively criminal in nature, is less than the burden of proof required in all other criminal proceedings, and thus violates defendant's right to due process as guaranteed by the Fourteenth Amendment of the United States Constitution and the rights of defendant under Article 1, Section 19 of the Texas Constitution; and

4.  Inasmuch as this proceeding is essentially and effectively criminal in nature, defendant is being denied the requirements of adequate notice of the elements of the offense, and that such statutory and common law theories purportedly authorizing punitive damages are sufficiently vague and ambiguous, and Plaintiff's Original Petition purporting to invoke such statutory and/or common law theory is so vague and ambiguous as to be in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and in violation of Article 1, Section 19 of the Texas Constitution.

## VI.

Pleading further, and without waiver of the foregoing, Defendants would respectfully allege that Plaintiff's claim for punitive or exemplary damages violates this Defendant's right to protection from being subjected to excessive fines, as provided in Article 1, Section 13 of the Texas Constitution.

## VII.

Subject to the above pleadings and pleading alternatively, Defendants would respectfully show the Court that Plaintiffs are not entitled to any award of exemplary damages. Plaintiffs have not alleged sufficient grounds that would constitute gross negligence or malice.

## VIII.

Pleading further, and without waiver of the foregoing, Defendants respectfully allege that if exemplary damages are awarded, any award should be subject to the limits imposed by §41.007 and §41.008 of the Texas Civil Practice & Remedies Code.

## IX.

Pleading further and subject to the foregoing without waiving same, Defendants affirmatively allege that the damages and injuries, if any, alleged by Plaintiff results from pre-existing or subsequent conditions or events.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that it be released, discharged and acquitted of the charges filed against it, that Plaintiff take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

MAGENHEIM, BATEMAN, ROBINSON, WROTENBERY & HELFAND, P.L.L.C.

By: _____
Alan N. Magenheim
SBOT NO: 12816200
3600 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 609-7849
(713) 609-7777 (fax)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record, by certified mail, return receipt requested and/or facsimile, on this 13 day of March, 1998.

_____
Alan N. Magenheim

NO. 98-03451

| | | |
|---|---|---|
| FRANK MELTON, JR., | § § | IN THE DISTRICT COURT OF |
| Plaintiff | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| HOME DEPOT INTERNATIONAL, INC., HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT #577, OUTLET NO. 23 and ANTHONY DAIGLE | § § § § § | |
| Defendant | § | 334TH JUDICIAL DISTRICT |

## REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **HOME DEPOT INTERNATIONAL, INC., HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT #577J, OUTLET NO. 23 and ANTHONY DAIGLE** Defendants in the above entitled and numbered cause and requests that a jury trial be held on said cause. A jury fee in the sum of $30.00 has been paid to the Harris County District Clerk's office.

Respectfully submitted,

MAGENHEIM, BATEMAN, ROBINSON,
WROTENBERY & HELFAND, P.L.L.C.

Alan N. Magenheim
SBOT: 12816200
3600 One Houston Center
1221 McKinney
Houston, Texas 77010
(713) 609-7849
(713) 609-7777 FAX

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record by facsimile and/or certified mail, return receipt requested, on this 13 day of March, 1998.

_____
Alan N. Magenheim

ClibPDF - www.fastio.com